PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 78]

Name of Offender: Ryan J. Cummins   Case Number: 3:11-00090

Name of Judicial Officer: Honorable John T. Nixon, Senior U.S. District Judge

Date of Original Sentence: November 14, 2012

Original Offense: 18 USC § 2250(a) Failure to Register Under Sex Offender Registration and Notification Act

Original Sentence: 37 months' custody and ten years' supervised release

Type of Supervision: Supervised Release   Date Supervision Commenced: January 15, 2014

Assistant U.S. Attorney: S. Carran Daughtrey   Defense Attorney: Isaiah S. Gant

---

### PETITIONING THE COURT

___   To issue a Summons.
___   To issue a Warrant.
_X_   To Consider Additional Violations / Information

---

**THE COURT ORDERS:**
■ The Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this 8th day of February, 2016, and made a part of the records in the above case.

John T. Nixon
Senior U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Donna Jackson
Intensive Supervision Specialist

Place   Nashville, TN

Date   February 4, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 78, has been amended as follows:

Violations No. 4, 5, and 6 - have been added to report a new violations

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The Defendant shall participate in sex offender assessment and treatment, including, but not limited to polygraph/plethysmorgraph examinations recommended by the treatment provider and as directed by the U.S. Probation Office. The Defendant shall contribute to the cost based on the ability to pay as determined by the U.S. Probation Office.**

   Mr. Cummins has failed to participate in sex offender treatment as directed by the U.S. Probation Office. Mr. Cummins signed his treatment contract on March 4, 2014, and began attending treatment on March 11, 2014. The offender fell asleep during group treatment on April 29, 2014, and May 20, 2014. He was confronted about falling asleep and given redirection on both occasions. On May 27, 2014, Mr. Cummins was placed on therapeutic probation due to his lack of motivation to work on issues and compliance with simple directions. On September 9, 2014, Mr. Cummins was again observed sleeping soon after group started at 6:00 p.m. At 6:30, when he was observed sleeping again and creating a distraction to others, he was asked to leave. He was informed at that time he was being dismissed from treatment.

2.   **The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

   On May 7, 2014, the probation officer was advised by Mr. Cummins' employer that he missed work on May 5, 2014. He told his employer he had to take his girlfriend to the doctor. Mr. Cummins reported to the probation officer on May 7, 2014, that he missed work on May 5 because he was dealing with family issues with his mother. Upon further questioning, the offender admitted he lied to the probation officer and admitted he was dealing with his girlfriend.

   On May 23, 2014, Mr. Cummins was asked about failing a polygraph administered on May 14, 2014. His failure was based on unauthorized use of a cell phone. Mr. Cummins told the probation officer three different stories regarding the cell phone use. After telling the first and second story, he admitted he had not been truthful.

   During an employment contact on July 24, 2014, Mr. Cummins' supervisor advised the offender had gotten into a fight with a co-worker the day before. Mr. Cummins received a black eye during the incident. When the probation officer questioned Mr. Cummins about the black eye, he lied and advised he ran into a piece of equipment at work. When confronted, Mr. Cummins admitted he had lied, but had no explanation as to why he lied. He advised he lies when he gets nervous.

3. **The Defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating material, or sexually oriented material is available. The Defendant shall not possess or use a device capable of creating pictures or video.**

   On October 13, 2015, the probation officer spoke with Mr. Cummins' sex offender treatment provider, Tony Rankin. Mr. Rankin reported the offender, in group treatment, stated he took a nude picture of himself and sent it to someone. Mr. Rankin instructed the offender to report this incident to the probation officer. Mr. Cummins did not report to the probation officer regarding this matter. On October 19, 2015, the probation officer made telephone contact with Mr. Cummins on an unrelated matter and the photo was still not addressed by the offender. The probation officer questioned the offender regarding the photo. He said he was "talking with a girl" and she asked him for a naked picture of himself. He advised he went to the bathroom and a friend/co-worker came in and took the picture of his genitals. The friend then accidently sent the picture to the offender's step-father instead of the girl. The probation officer asked for the friend's name and Mr. Cummins then changed his story and advised it was a stranger and he did not give him permission to take the picture. The probation officer reminded him he just reported it was a friend and he was taking it to send to the female. The offender lied numerous times during this conversation. He finally admitted it was his co-worker Willie and he had instructed him to take the picture and send it to the female. He stated he did not think this needed to be reported to the probation officer because the picture was not sent to an underage person. He did, however, report the incident to his state probation officer and his treatment provider, indicating he knew it was a violation.

4. **The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

   On December 21, 2015, the probation officer met with the Mr. Cummins' sex offender treatment provider, Tony Rankin. Mr. Rankin advised the offender told him on December 14, 2015, that he was getting married. Mr. Rankin told the offender to report this relationship to his federal and state probation officers. The probation officer met with the offender at his place of employment on the same date. Mr. Cummins' employer advised the probation officer that the offender was married. The probation officer met with Mr. Cummins and he did not report his marriage until questioned by the probation officer. Mr. Cummins then reported he married Casandra Lynn (nee Pacheco) Hightower on December 15, 2015. He moved her into his residence on December 8, 2015. Ms. Hightower has an extensive criminal history, including felony convictions for Grand Theft and First Degree Burglary out of California.

   On January 28, 2016, Mr. Cummins advised the probation officer he is in a relationship with Linda Long. He reported Ms. Long moved into his residence on January 18, 2016. A criminal record check revealed Ms. Long is actually Linda Espinoza. Ms. Long has a long criminal history, including felony convictions for Attempted Burglary of a Vehicle, Auto Burglary, Theft, Aggravated Assault and Felony DUI.

   Mr. Cummins did not disclose either of these relationships to the probation officer and was not given permission to associate with these women.

5. <u>**The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**</u>

   Mr. Cummins had contact with the Nashville Metro Police Department on January 22, 2016, and failed to report this contact to the probation office. The police went to the offender's residence when his wife, Casandra Pacheco, called them to assist her in picking up some belongings. Mr. Cummins advised the police that Ms. Pacheco moved out several weeks ago. Ms. Pacheco was arrested and charged with Public Intoxication and Disorderly Conduct. The probation officer became aware of this contact with law enforcement on January 28, 2016, when a record check was conducted on Ms. Pacheco. Mr. Cummins met with the probation officer on January 28, 2016, and did not report the contact with police until questioned by the probation officer.

6. <u>**The Defendant shall answer truthfully all inquiries by the probation foficer and follow the instructions of the probation officer.**</u>

   On December 21, 2015, the probation officer met with Mr. Cummins to discuss his recent marriage. Mr. Cummins was asked if Ms. Hightower had any children. Mr. Cummins replied that she did not. He was asked a second time if his wife had children and again he replied she did not. The probation officer advised the offender that his employer had reported that Ms. Hightower had children. Mr. Cummins then admitted that she has three children, but they live with a foster family.

   On January 17, 2016, the probation officer conducted a residence contact with Mr. Cummins. The offender was asked where his wife, Ms. Hightower, was and he informed she was staying with friends. He reported she still lived at the residence and there were no issues. The police report filed on January 22, 2016, alleged the offender and Ms. Hightower both told the police officer that she had moved out of the residence several weeks ago. On January 28, 2016, Mr. Cummins admitted to the probation officer that he had lied.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Cummins began his imposed term of supervised release on January 15, 2014. He is currently scheduled to terminate supervision on January 14, 2024. Mr. Cummins has completed payment of his special assessment.

Mr. Cummins attended sex offender specific treatment from March 4, 2014, to September 9, 2014, with Moore Psychology Services. Mr. Cummins is now in treatment with the Counseling Center. Mr. Cummins was assessed on September 25, 2014, and started treatment on September 29, 2014. Attached is Mr. Cummin's treatment summary from Dr. Moore outlining the behavior of the offender that lead to his dismissal from that program. He is employed by Southeastern Recycling.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that Your Honor consider this additional information and violations when Ryan Cummins appears before the Court for a revocation hearing on February 11, 2016.

Assistant U.S. Attorney Carrie Daughtrey concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. RYAN JACOB CUMMINS CASE NO. 3:11-00090

GRADE OF VIOLATION: C
CRIMINAL HISTORY: V

ORIGINAL OFFENSE DATE:   POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | Any term not less than 5 years or life *18 U.S.C. 3583(k)* | 5 years to life *U.S.S.G. § 5D1.2(b)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Ryan Jacob Cummins

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:11CR00090 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 11 / 14 / 2012
                                      month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall participate in sex offender assessment and treatment | C |
| Shall answer truthfully all inquiries by the probation officer | C |
| Shall not possess, view, listen to, or go to locations where any form of porongraphy, sexually stimulating material, or sexually oriented material is available. Shall not possess or use a device capable of creating pictures or video | C |
| Shall not associate with with any person convicted of a felony | C |
| Shall notify the probation officer within seventy-two hours of contact with LE | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*  [ V ]

10. **Range of Imprisonment** *(see §7B1.4(a))*  [ 7 - 13 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Ryan Jacob Cummins

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)        _____     Home Detention          _____

   Other          _____     Intermittent Confinement _____

13. **Supervised Release**
   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from  5 years to life
   imprisonment:

14. **Departure**
   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002